# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                  Case No. 07-CR-334

VICTOR TELLER,

        Defendant.

## SENTENCING MEMORANDUM

On April 16, 2008, Defendant Victor Teller pled guilty to assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 113(a)(6) and 1153(a). The maximum penalty for the offense is ten years imprisonment, a $250,000 fine and three years of supervised release. In addition, the Court may enter a restitution order notwithstanding Teller's indigent status. Pursuant to Teller's plea agreement, the Government recommended a two-level reduction for acceptance of responsibility and a one-level decrease for pleading guilty in a timely manner. Following these reductions, Teller faced a Guidelines-range sentence of 41-51 months. After careful consideration of the Guidelines and the sentencing factors in 18 U.S.C. § 3553, I conclude that a sentence within the Guidelines range is insufficient to accomplish the goals of sentencing in this case, and I find that a sentence substantially above the Guidelines range is fair, reasonable, and necessary.

**I. Facts**

**A. Offense Conduct**

As stipulated in the plea agreement, the facts surrounding the offense are as follows. On the morning of July 19, 2007, Amy Lopez (then Amy Teller, the Defendant's wife) drove to Neopit to pick Teller up from his cousin Steven's house so that Teller could get some art supplies. She brought along some of Teller's personal items so that she could return them, as she and Teller had recently separated. Teller came out of the house to talk to Lopez. When she told him about his belongings, he grabbed the box from the backseat of the car and threw it on the ground. An argument ensued and Teller accused Lopez of cheating on him, then began yelling and swearing at her. He broke the windshield-wiper lever off of the car's steering column, then grabbed the keys and threw them at Lopez. Teller then grabbed Lopez, wound his hand around her hair, and began beating her with his fists. At some point, he grabbed a small propane tank from the backseat. In an effort to protect herself, Lopez covered her face with her hands and could not see everything that Teller was doing. She does not know for certain whether she was hit with the propane tank, but, at any rate, Teller continued to beat her about the head and face.

Lopez was eventually able to sound the car's horn with her knee, and Teller's cousin Steven came outside and was able to pull Teller off of Lopez, who then was able to get the key in the ignition and drive off. As she was leaving, Teller threw the propane tank at the car and smashed the windshield. Lopez called the police, and Menominee Tribal Police Officers met her on the roadside. When the officers arrived, Lopez was bleeding from her face and had a dent on the left side of her head, above her ear. She burst into tears when asked what happened, then stated that Teller had caused her injuries with his fists.

Although Lopez was treated for her injuries, she was in so much pain afterwards that she required assistance from her mother and was unable to eat for several days. She has had severe headaches, rating a seven to eight on a scale of one to ten, almost every day since the attack. The headaches and a feeling of numbness on the left side of her head persist to this day. Teller admitted to police that he repeatedly hit Lopez with his fists, but denied that he ever hit her with the propane tank. However, Lopez had several bruises on her face that matched the size and shape of the nozzle on the propane tank and officers discovered blood inside the nozzle. Teller was indicted on December 18, 2007 for assault with a dangerous weapon with the intent to do bodily harm and assault resulting in serious bodily injury. In exchange for Teller's guilty plea on the latter charge, the former was dismissed.

## B. Offender Characteristics

Victor Teller was born January 16, 1965. His parents separated when he was very young, and he does not remember his father. His mother raised him until the age of eleven when her alcohol abuse necessitated his removal from the home by county authorities. Various relatives took him in and raised him until the age of seventeen, when he began living on his own. He attended high school for three years but never completed the ninth grade. Teller is not close with any of his family members, although he does have occasional contact with them. His mother died of cirrhosis of the liver in 1993, while Teller was in prison. His sister Janice states that Teller has always had an anger problem, but it became worse after their mother died. He drinks to the point of intoxication almost every day, and frequently unleashes his anger when intoxicated. Janice has had

3

to call the police several times to have Teller removed from her home because his behavior is uncontrollable when he is intoxicated.

Alcohol has been a problem for Teller since he was fourteen years old. From the ages of fourteen to nineteen, he drank every chance that he got and regularly drank to the point of passing out. Since his release from prison in 1998, Teller states that he drinks heavily at times and continues to drink to the point of blacking out. He was unable or unwilling to provide details as to the exact frequency or quantity of his recent alcohol consumption. He occasionally uses cocaine and marijuana socially, and continues to abuse inhalants such as gasoline and paint. He has not been through any type of alcohol or drug abuse treatment since 1998, and does not believe that he has a drinking problem. His last psychological evaluation was in 1996, and Dr. Michael D. Lever categorized Teller as having "a rather chronic and longstanding characterological disorder," and stated that conflict and stressful situations "are so intensely emotional and volatile for him, he is not able to control or manage his behavior very well in these circumstances and so the behaviors might repeat themselves over and over again. The drinking that occurs obviously does not help Victor manage these feelings and situations very well. It makes him ever more volative [sic] in these circumstances." (PSR ¶¶ 98-99.)

Teller has children from three different women. All of Teller's children are now adults, and he has never made a single child support payment. He currently owes almost $22,000 in back support. He was also involved in a relationship with Cora Pecore off and on for over eight years. She was the victim in several of Teller's previous domestic abuse cases, and reports that he was very violent and abusive and desperately needs alcohol and anger management counseling. He states that he has been treated for anger management at the Tribal Clinic since 1998, but the clinic has not

4

verified that assertion. Teller admits that he has always had difficulties with anger, and he is unaware of the source of the problem.

## II. Sentencing Procedure

## A. Guidelines Calculation

Although the United States Sentencing Guidelines are no longer mandatory, sentencing in the post-*Booker* world still begins with the calculation of the proper Guideline range. The base offense level in this case is fourteen. U.S.S.G. § 2A2.2(a). A five-level increase is applicable under U.S.S.G. § 2A2.2(b)(3)(B) for causing serious bodily injury, resulting in an adjusted offense level of nineteen. The Government agreed to recommend a two-level decrease under U.S.S.G. § 3E1.1(a) because of Teller's acceptance of responsibility, and a one-level decrease under U.S.S.G. § 3E1.1(b) because he saved the Government the time and expense of trial preparation by giving timely notice of his intent to plead guilty. I considered a four-level increase for use of a dangerous weapon, but concluded that the evidence was insufficient to establish that Teller had used the propane tank as a weapon in the course of the beating. Ms. Lopez could not say whether she was hit with the tank, and there is no direct evidence that the blood found in the tank nozzle was hers. The total offense level is therefore sixteen.

Teller has a long history of criminal convictions in state, federal, and tribal courts going back to 1984, when he was nineteen years old. Six of his convictions score a total of ten Criminal History points under the Guidelines, which places Teller in Criminal History Category V. An offense level of sixteen for a person in Criminal History Category V results in a Guideline range of 41 to 51 months.

5

**B. Sentencing Factors**

However, as the Guidelines are now merely advisory, they have become just one of the factors considered when imposing a sentence. Under 18 U.S.C. § 3553(a), the following factors must be considered in arriving at a sentence "sufficient, but not greater than necessary" to comply with the recognized purposes of sentencing:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the advisory guideline range;
> (5) any pertinent policy statements issued by the Sentencing Commission;
> (6) the need to avoid unwarranted sentence disparities; and
> (7) the need to provide restitution to any victims of the offense.

*United States v. Hanson*, 2008 WL 2486336, *1-2 (E.D. Wis. 2008). Having calculated and considered the Guidelines range of 41 to 51 months, I now consider the remaining § 3553 factors.

The nature and circumstances of the offense were abhorrent, even for this type of crime, and warrant a significant punishment. This was a particularly brutal, unprovoked attack. Teller claims that he did not beat Lopez with the propane tank, but her injuries were nevertheless severe. Causing such extensive injuries with a propane tank would require neither a great deal of effort nor a large number of blows. Causing the same amount of damage with one's bare hands exhibits a far greater level of rage and would require a greater number of blows over a more prolonged period of time. Teller's lack of self-control was total and progressive – he went from yelling, to destroying

6

property, to physically attacking his wife. He was not dissuaded by her screams or by the sight of her blood. Indeed, his attack on Lopez continued unabated until his cousin pulled him off of her. Even then, he struggled free to continue the assault, and threw the propane tank at Lopez' car as she attempted to flee.

There are not many good things that have been said about Teller, other than that he is apparently a talented artist. He has not been employed since his release from prison in 1998, except for the occasional sale of some of his artwork. Although Teller only has six convictions that score Criminal History points, he has at least forty-six others that do not. Thirty-one of those convictions do not score because they occurred in Tribal Court and fifteen were state convictions outside the relevant ten-year period. Many of his unscored convictions involved disorderly conduct, and most involved alcohol, which has been a lifelong problem for Teller. He has spent significant amounts of time in jails and prisons over the past twenty-four years, including an eighty-four-month sentence for a previous assault resulting in serious bodily injury. In that case, a weapon *was* used. Teller stabbed his then-girlfriend in the chest and thigh, resulting in a collapsed lung and several stitches. Again, the attack was vicious and unprovoked. He is not a person who learns from his mistakes, which has been particularly devastating for the women in his life. He also has not learned from his previous jail and prison sentences, and a longer term is clearly necessary. In fact, despite his pronouncements to the contrary, it was clear that he had little remorse for the beating he inflicted on his wife. He continued calling her from jail, even though a restraining order prohibiting him from doing so remained in effect.

Obviously, this was a serious offense. Ms. Lopez continues to have frequent, severe headaches and still has not regained all sensation in the left side of her head. Her injuries, however, go deeper than the bruises Teller inflicted upon her, or the dent that he beat into her head. She has

7

not recovered emotionally or psychologically from the attack, and it still affects her work and personal life. She is a different person because of the beating, and it may take a great deal of time for her to recover, if she ever fully does. She continues to live in fear of the Defendant coming after her. Even without the aggravating factors present in this case, the offense itself is a serious one. Taking those factors into consideration increases the amount of prison time that would be sufficient to provide a just punishment for the crime.

An above-Guidelines sentence in this case is a just sentence, and one that will promote respect for the law. Considering the nature of the assault, the damages that were caused as a result, and Teller's pattern of violent and dangerous behavior (particularly towards women), only a lengthy sentence would be just and only a lengthy sentence will promote respect for the law in both Teller and the public at large.

In this case, deterrence is especially important. As noted, Teller was previously convicted of severely assaulting a different girlfriend, and an eighty-four-month sentence in that case was not sufficient to deter this assault. Teller has proven himself capable of unprovoked violence, especially towards women. I must consider the need to protect the public from further crimes that Teller may commit. Considering his previous convictions and his failure to take advantage of opportunity's for treatment, there is a substantial probability that Teller will, in fact, commit further crimes if he does not realize that he will receive substantial prison sentences for such conduct. Although many of his prior crimes were relatively minor, some were quite serious and Teller seems to be getting more violent and dangerous rather than less so. Additionally, a great many of the less-serious charges involved domestic incidents or violence towards law enforcement officers. At least ten of Teller's previous convictions involved his physically abusing his wife or girlfriends. This

8

is a pattern of behavior that has been repeated throughout Teller's adult life. The great risk to the public, especially to any future women in Teller's life, justifies a prison sentence substantially above the Guideline range.

A lengthy sentence will provide Teller with another opportunity to obtain the treatment he so desperately needs for his alcohol abuse, as well as a chance to learn to exercise some control over his anger. It is unlikely that Teller would be able to maintain sobriety during treatment without having it forced upon him by incarceration, and a lengthy sentence will help in that regard, as well.

As for any sentencing disparity, it is possible, perhaps even likely, that other defendants with the same Criminal History score who are charged with the same offense would receive a Guidelines sentence. However, the particular circumstances here, as they apply to the § 3553 factors, require a significant variance from the Guidelines and I conclude that the maximum sentence of ten years imprisonment is appropriate. Teller has already served one year in Menominee Tribal Jail for convictions based on this conduct[1], so the sentence here will be reduced to reflect that time. I therefore sentenced the Defendant, Victor Teller, to a term of 108 months to run concurrent with the remainder of the sentence imposed by the Menominee Tribal Court for this conduct, followed by three years of supervised release. I also ordered restitution to be paid in the amount of $5,605.83.

Dated this   24th  day of July, 2008.


                                        s/ William C. Griesbach
                                        William C. Griesbach
                                        United States District Judge

---

[1] There is a dispute as to whether Teller began serving the sentence for this conduct nine months or one year ago. Because the difference is not of great significance, I will presume that it was a full year in order to avoid exceeding the maximum sentence.

9